UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

STEVEN ROBERT WALLACE,

        Plaintiff,          Case No. 1:07-cv-744

v.          Honorable Richard Alan Enslen

JENNIFER GRANHOLM et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been ordered to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed because it both fails to state a claim and is frivolous.

**Discussion**

I.  Factual allegations

Plaintiff Steven Robert Wallace presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Parr Highway Correctional Facility (ATF), though the actions he complains of allegedly occurred at the Deerfield Correctional Facility (ITF). Plaintiff sues Michigan Governor Jennifer Granholm, MDOC Director Patricia Caruso, MDOC Deputy Director Dennis Straub, Regional MDOC Prison Administrator Ray Wolfe, Correctional Medical Services, Inc., and the following ITF employees: Warden Carmen Palmer, (unknown) Christian, School Principal Chris Schrauben, Teacher Lonnie Whitaker, Grievance Coordinator Parrish Smith, Grievance Manager James Armstrong, and Law Librarian (unknown) Teft.

Plaintiff's 46-page complaint is devoid of factual allegations.  Instead, it is a litany of legalese and sweeping assertions that Defendants' unspecified individual and collective conduct resulted in numerous and egregious violations of federal and state constitutional rights, the Racketeering Influenced and Corrupt Organizations Act of 1964 (RICO), 18 U.S.C. §§ 1961 *et seq.*, state statutes, and prison policies, all in an effort to "facilitate 'Pecurinary [sic] Gain.'"  The following example taken verbatim from page 18 of the complaint captures the general tenor of the allegations contained on the remaining pages:

> All Defendants known and unknown listed acting in Concert to cause Plaintiff irreparable harm in physcial [sic] restraint in violation of State Statute M.C.L. 800.33, and Federal Statute 42 U.S.C. 1983, Intentionally violating Plaintiffs Constitutional Rights, recklessly, or with Deliberate indifference and callous disregard of Plaintiffs Right. Intentionally instructed, supervised, ratified, condoned, having Aquiesced [sic], in malicious invocation of the Powers of their offices to accomplish the actual injury to Plaintiffs Constitutional Right to be free from retaliation for Constitutional protected act of Redress, when inquiring state officials as to Right to liberty, Defendants circumvented his substantive right under both State and Federal Constitutions in violation of 42 U.S.C. 1983. Itself Duplicitous to U.S.

> Amendments 5, 8, 14, and Michigan Constitution of 1963 Art. 1, 17, 20, Stating Prima Facia [sic] for direct causation to the violation of Due Course of Justice. In Plaintiffs pursuit of Liberty requires Relief in intrest [sic] of Justice where Defendants have further Yielded to an official notorious custom, practiced and approved in Instant Complaint and Known to all named Defendants to facilitate "Pecurinary [sic] Gain."

(Compl. at 18.)

At occasional points in his diatribe, Plaintiff mentions in passing the untimely resolution of an unspecified grievance (Compl. at 13, 33), the denial of a "GED exemption" (Compl. at 33), something about misconduct proceedings and parole (Compl. at 14, 18), and denial of unspecified medical care and medical records by Correctional Medical Services (Compl. at 43). He alleges that, as a result of Defendants' conduct, he has suffered "sleeplessness, irritability, mental Suffering, Mental Anguish, mental and or Nervos [sic] Shock, and including all highly unpleasant mental reactions, such as frieght [sic], Horror, Grief, Shame, humiliation, embarrassment, anger, Chargin [sic], Disappointment, worry, and nausea, beyound [sic] that which is typical for incarcerated persons, by Direct Cause of Defendants actions, Plaintiff contends he now suffers severe emotional distress and or mental disorder of neurosis, psychosis, Chronic depression, phobia, causing Severe and disabling emotional and or mental Condition which may be generally recognized and Diagnosed . . . ." He seeks compensatory damages of $250,000, together with declaratory and injunctive relief.

II. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal

Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996) (citing *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir.1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000). Plaintiff's complaint contains no specific factual allegations. Instead, it presents a variety of rambling and incoherent claims in violation of the short and plain statement requirement of FED. R. CIV. P. 8. Even giving the most liberal construction to Plaintiff's complaint, *see Haines*, 404 U.S. at 520, the Court is unable to find that a cause of action has been alleged.

Moreover, an action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.1990). In this case, the Court is completely unable to discern the nature of the claims contained in Plaintiff's complaint. While the majority of Plaintiff's writing is legible, the words do not form coherent arguments or identify a particular deprivation. Because the Court is unable to decipher Plaintiff's concerns, his complaint necessarily lacks an arguable basis either in law or fact. *See Neitzke*, 490 U.S. at 395; *see also Parker v. Parker Int'l/Parker Tobacco Company*, No. 89-6078, 1990 WL 63523, at *1 (6th Cir. May 11, 1990).

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed because it both fails to state a claim and is frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Date:  October 25, 2007                          /s/ Ellen S. Carmody
                                                 ELLEN S. CARMODY
                                                 United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).